352 So.2d 195 (1977)
STATE of Louisiana
v.
Leo JACKSON.
No. 59744.
Supreme Court of Louisiana.
November 14, 1977.
Maurice T. Hattier, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
*196 TATE, Justice.
The defendant was convicted of distribution of heroin, La.R.S. 40:966, and sentenced to life imprisonment. His appeal raises four assignments of error. We find merit in Assignment 1, relating to the improper admission of other-crime evidence, and therefore reverse.
The defendant is charged with distribution of heroin on March 20, 1974. This is a crime requiring only general criminal intent; such intent is established by mere proof of voluntary distribution. La.R.S. 40:966; State v. Clark, 338 So.2d 690 (La. 1976).
Over objection, the state introduced proof of a similar heroin-distribution offense on March 18, 1974, two days earlier.[1] The state concedes (noting its disagreement with such jurisprudence) that, under clarifying jurisprudence decided subsequent to the ruling below, the other-crime evidence could not be introduced to prove "intent" or "guilty knowledge," in the absence of a defense that the street sale was done without knowledge of the illegality of the substance. State v. Frederick, 340 So.2d 1353 (La.1976); State v. Slayton, 338 So.2d 694 (La.1976); State v. Clark, 338 So.2d 690 (La.1976).
Nevertheless, the state argues, the other-crime evidence was admissible as proof of "system."

(1)
This court has held to be admissible, for limited purposes, proof of other crimes exhibiting almost the identical modus operandi or system, committed in close proximity in time and place. State v. Jones, 332 So.2d 466 (La.1976) (a pre-Prieur trial); State v. Price, 325 So.2d 780 (La.1976); State v. Vince, 305 So.2d 916 (La.1974); State v. Lawrence, 294 So.2d 476 (La.1974).
As the jurisprudence has clarified, the other crime must be distinctively similar in system, State v. Slayton, 338 So.2d 694 (La.1976), State v. Waddles, 336 So.2d 810 (La.1976), State v. Hicks, 301 So.2d 357 (La.1974)i. e., "so peculiarly distinctive that one must logically say that they [the two crimes] are the work of the same person," State v. Lee, 340 So.2d 1339, 1345 (concurring opinion of Mr. Justice Dennis) (La.1976). Furthermore, the proof of the other crime as part of the system must be relevant to prove a fact of consequence to the accused's present innocence or guilt (independent of the inadmissible purpose to infer that the accused committed the present crime because he had committed the other one). State v. Ledet, 345 So.2d 474 (La.1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Gaines, 340 So.2d 1294 (La.1977); State v. Hicks, 301 So.2d 357 (La.1974); State v. Harrison, 291 So.2d 782 (La.1974).
Of course, as the cited decisions emphasize, not only must the other-crime evidence first be found relevant to a material fact actually at issue, but the probative value must outweigh its prejudicial effect. See State v. Ledet, 345 So.2d 474 (La.1977). In emphasizing the limited purposes for which other-crime evidence may be used, and the limitations upon its use even for such purposes, Ledet summarizes the governing values in the exercise of the trial judge's limited discretion to admit it, 345 So.2d 478:
"* * * Because of the substantial risk that the extraneous evidence may detract from the constitutional right to be presumed innocent until proven guilty beyond a reasonable doubt of the crime charged, other crimes can only be admitted after a `showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad behavior, and that it serves the actual purpose for which offered.'"

(2)
In the present case, the two transactions do not meet these tests.
*197 In the first place, they are no more peculiarly distinctive in nature than are any other street transactions by which an agent purchases a small quantity of illegal drugs from a willing seller. In the second place, the evidence was unduly prejudicial, without overriding probative effect.
More important, however, evidence of the earlier crime of March 18, 1976 serves no probative purpose with regard to an issue of the present (March 20) prosecutionexcept the prohibited purpose of showing that the accused may have committed the present crime because he is a bad man who committed a similar crime in the past. State v. Frederick, 340 So.2d 1353, 1357 (La.1976).
We must therefore reverse the present conviction and remand for a new trial.

(3)
Before doing so, however, we must note a serious issue raised by Assignment 2, which we do not reach in the present prosecution. By it, the appointed attorney representing the indigent made a substantial showing that he was improperly denied a continuance because, due to his client's confinement at Angola because of an earlier conviction (see footnote 1), he had been unable to confer with his client to prepare a defense except for a few minutes on two earlier occasions, when the client had been transported from Angola for a court appearance.
However, the client was immediately transported back, without affording the appointed counsel (who was responsible for the defense of several other prosecutions in the same section at the same hearing) a reasonable opportunity to confer with his client to prepare for defense.
Because of the reversal necessitated by the earlier assignment however, we do not reach the merits of Assignment 2.

Decree
For the reasons assigned we reverse the defendant's conviction and sentence, and we remand this case to the district court for a new trial in accordance with law.
REVERSED AND REMANDED.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In order to show intent, evidence is admissible of similar acts. La.R.S. 15:445. Moreover, where the offense is one of system, evidence of similar offenses is admissible for the purpose of showing guilty knowledge and intent. La.R.S. 15:446. In the instant case, I consider that the evidence of the similar offense (March 18, 1974, heroin distribution offense) was admissible to prove knowledge, system, or intent. Accordingly, I respectfully dissent.
NOTES
[1] The record reflects that the defendant had earlier been convicted of the March 18 offense and sentenced to life imprisonment.