354 So.2d 1334 (1978)
STATE of Louisiana
v.
Louis SUTFIELD and Farris Phillips.
No. 60520.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1335 *1336 Matthew B. Collins, Jr., Student Practitioner, Arthur A. Lemann, III, Supervising Atty., New Orleans, Loyola Law School Clinic, for Farris Phillips, defendant-appellant.
Bernard S. Dolbear, New Orleans, for Louis Sutfield, defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On June 3, 1974 four men entered Harry's Pirate's Den Bar in the New Orleans French Quarter and robbed the owner at gunpoint. Subsequently, defendants Sutfield and Phillips and three other men were arrested and charged with the crime. The State entered a nolle prosequi as to two of the other men and allowed the third to plead guilty to a reduced charge in exchange for testimony against Sutfield and Phillips. Defendants Sutfield and Phillips were jointly tried and convicted by a jury of armed robbery, La.R.S. 14:64, and each was sentenced to forty-five years at hard labor. On appeal defendants rely upon numerous assignments of error. We reverse their convictions and sentences on the basis of one assignment, but we note probable reversible error in connection with several of the other assignments.
ASSIGNMENT OF ERROR NO. 8 (Sutfield)
ASSIGNMENTS OF ERROR NOS. 9 and 10 (Phillips)
Defendants urge that it was reversible error to admit testimony to show that they were narcotic addicts, and to deny their motions for a mistrial following the introduction of this evidence, in that the prejudicial effect of the testimony outweighed any probative value it may have had to establish motive.
In his opening statement the prosecuting attorney informed the jury that the motive for the armed robbery in this case was to obtain money with which to purchase narcotics. During the State's case-in-chief its narcotics expert testified that at the time of Phillips' arrest his arm bore needle marks indicating extensive heroin usage. This witness' testimony also included hearsay information obtained from a confidential informant that Phillips and Sutfield had been involved in several recent armed robberies.
The long established rule forbids the prosecution, unless and until the accused gives evidence of his good character, from initially introducing evidence of the bad character of the accused, including evidence of his other criminal acts. Accordingly, the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character. McCormick on Evidence, § 190 (Cleary ed. 1972); Wigmore on Evidence, §§ 55, 57 (3d Ed. 1940).
Aside from related offenses admissible as part of the res gestae, and convictions admissible for impeachment purposes, Louisiana's statutes provide for only three "other purposes" for which evidence of other criminal acts may be offeredevidence of acts relevant to show intent, knowledge or system. State v. Prieur, 277 So.2d 126 (La.1973); See, La.R.S. 15:445, 446. In accord with general authority, See, McCormick § 190, Louisiana Courts also have admitted such evidence for purposes other than those listed in the statutes, e. g., identity, State v. Moore, 278 So.2d 781 (La. *1337 1973); motive, State v. Dowdy, 217 La. 773, 47 So.2d 496 (1950); evidence of criminal acts of the accused, constituting admissions by conduct, intended to obstruct justice or avoid punishment for the present crime, State v. Burnette and Granger, 353 So.2d 989 (La.1978) (Docket # 60,053). See, Comment, Other Crimes Evidence in LouisianaTo Show Knowledge, Intent, System, etc. in the Case in Chief, 33 La.L.Rev. 614 (1973).
However, the responsibility of the trial court is greater than that of merely determining whether the particular evidence of other crimes does or does not fit in one of the approved classes. The underlying policy of protecting the accused against unfair prejudice demands that (1) before the evidence is admitted at all, the court must determine that there is clear and convincing evidence of the commission of the other crime and of defendant's connection therewith; and (2) the trial judge must balance all the pertinent factors and exclude the other crimes evidence, even if independently relevant, when its probative value is outweighed by its prejudicial effect.[1]State v. Burnette and Granger, supra; State v. Prieur, supra.
We recently noted that a clearly erroneous decision on this question of balancing probative value against danger of prejudicial effect will be corrected on appeal as an abuse of discretion. State v. Burnette and Granger, supra. In the instant case we are called upon to rectify such a clearly erroneous ruling.
The only basis of probative value for the other crimes evidence suggested by the State is that "a large number of robberies committed in the New Orleans area are prompted by an addict's need for funds to support his expensive habit." Apparently, the State would concede that a large number of robberies are also committed by nonaddicts, and perhaps that there are a sizeable number of addicts who do not commit robberies. Therefore, even if we assume that the State's assertion can be reliably documented, it would establish at best an extremely tenuous relationship between the defendants and the particular crime on trial.
In order to have independent relevance, the motive established by the other crimes must be more than a general one, such as gaining wealth, which could be the underlying basis for almost any crime; it must be a motive factually peculiar to the victim and the charged crime. See, People v. Molineaux, 168 N.Y. 264, 61 N.E. 286 (1901); Comment, Other Crimes Evidence in LouisianaTo Show Knowledge, Intent, System, etc. in the Case in Chief,33 La.L.Rev. 614 (1973); Comment, Admissibility of Prior Criminal Acts as Substantive Evidence in Criminal Prosecutions, 36 Tenn.L.Rev. 515 (1969). Cf. McCormick, § 190, n.44. Evidence of drug addiction to show a motive for illegally obtaining funds clearly establishes only a general motive. Even where it is shown that an addicted defendant's wealth and income are not sufficient to maintain his habit, no more than a general motive to commit any one of many types of crime involving a myriad of potential victims has been shown. Without additional evidence indicating a motive to commit the particular crime involving the particular victim, heroin addiction should not be admitted to prove motive. Its tenuous probative value is far outweighed by its tendency to incite a jury to resolve the issue of guilt or innocence on a defendant's character rather than on proof of the essential elements of the crime. Christian v. City of Tuscaloosa, 53 Ala.App. 81, 297 So.2d 405 (1974); People v. Bartlett, 256 Cal.App.2d 787, 64 Cal.Rptr. 503 (4th Dist. 1967); Baffuto v. State, 187 So.2d 79 (Fla.Ct.App.1966).
*1338 The evidence of narcotic addiction had little, if any, relevance for a purpose other than to show a probability that the defendants committed the crime on trial because they were men of criminal character. Any probative value of this evidence was clearly outweighed by the danger of its prejudicial effect upon the jury. Accordingly, we find that these assignments contain reversible error.
We will briefly address other meritorious assignments in an attempt to insure that they will not be repeated on re-trial.
Phillips' assignment number 11 has reversible merit because he correctly urges that the in-court identification of him made by State's witness Thomas Graham was the product of an impermissibly suggestive outof-court one picture photographic show-up procedure, which followed the witness' previous failure to identify the defendant under more reliable identification procedures. The record does not demonstrate a reliable basis for the admissibility of Graham's identification testimony when all of the factors to be considered are weighed against the corrupting effect of the suggestive identification. See, Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).[2]
Phillips' assignments numbers 7,8,19 and 21 are potentially meritorious because they correctly point out that the State was improperly allowed to display and use mug shots of questionable admissibility[3] in examining witnesses and in presenting closing arguments to the jury without seeking to introduce them into evidence.[4]
Phillips' assignments numbers 5 and 6 contain potential merit. An experienced police officer witness made repeated indirect references to Phillips' prior criminal record by telling the jury that a photograph used to identify the defendant as a suspect bore a police bureau of identification number. Under these circumstances the trial judge may have abused his discretion in not granting the defendants' motion for a mistrial. See, State v. Schwartz, 354 So.2d 1332, n.2 (La.1978).
Another group of assignments, Sutfield's number 4 and Phillips' number 4, also present potentially reversible error. During the voir dire examination defendants were prevented from asking three prospective jurors who served previously during the same term what their individual verdicts had been. While the trial court has discretion, under Code of Criminal Procedure article 786, to limit the scope of voir dire, wide latitude must be given for a defendant to intelligently exercise his constitutional right to make peremptory challenges and challenges for cause. La.Const. art. 1, § 17; State v. Holmes, 347 So.2d 221 (La.1977). In light of our recent decisions in this area, these assignments potentially have merit. However, the present record is inconclusive as to the defendants' inability to obtain the information available to the prosecuting attorney. See, State v. McGhee, 350 So.2d 370 (La.1977); State v. Holmes, 347 So.2d 221 (La.1977); State v. Wright, 344 So.2d 1014 (La.1977). See also, State v. Singleton, 352 So.2d 191 (La.1977); State v. Rey, 351 So.2d 489 (La.1977).
*1339 For the foregoing reasons, defendants' convictions and sentences are reversed and the case is remanded for a new trial in accordance with the views expressed in this opinion.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] "* * * [T]he problem is not merely one of pigeonholing, but one of balancing, on the one side, the actual need for the other crimes evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to overmastering hostility." (Footnotes omitted.) McCormick, § 190, p. 453.
[2] "* * * The factors to be considered are set out in Biggers. 409 U.S. [188], at 199-200, 93 S.Ct. [375], at 382 [34 L.Ed.2d 401]. These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself." Manson v. Brathwaite, 432 U.S. 98 at 114, 97 S.Ct. 2243 at 2253, 53 L.Ed.2d 140 at 154. See also, State v. Guillot, 353 So.2d 1005 (La.1977) (Docket # 60,151).
[3] See, State v. Jones, 283 So.2d 476 (La.1973); The Work of the Louisiana Appellate Courts for the 1973-74 Term: Evidence, 35 La.L.Rev. 525, 529 (1975); Annotation, "Admissibility, and Prejudicial Effect of Admission, of `Mug Shot,' `Rogues' Gallery' Photograph, or Photograph Taken in Prison, of Defendant in Criminal Trial," 30 A.L.R.3d 908. But see, State v. Williams, 343 So.2d 1026 (La.1977); State v. Graves, 301 So.2d 864 (La.1974); State v. Hall, 261 La. 777, 260 So.2d 913 (1972).
[4] Cf. State v. Asher, 294 So.2d 223 (La.1974).