MARCUS, Justice.*
Robert Earl Jackson was charged by bill of information with the attempted armed robbery of W. J. Horton (La.R.S. 14:27; La.R.S. 14:64). After trial by jury, defendant was found guilty as charged. After conviction, but prior to sentencing, the district attorney filed an information accusing defendant of a previous felony conviction pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found defendant to be an habitual offender and sentenced him to serve thirty years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on ten assignments of error for reversal of his conviction and sentence. Finding merit in one of the assigned errors, we need not consider the others.
*354 Defendant contends the trial judge erred in overruling his objections to the state’s introduction of evidence of another crime allegedly committed by defendant.
Prior to trial, the state gave written notice to defendant of its intention to introduce evidence of another crime committed by defendant to show system, knowledge or intent. At trial, the trial judge, over continuing defense objections, ruled such evidence admissible.
At trial, W. J. Horton, victim of the crime charged, testified that, while he was in his automobile at the M & M Liquor Store in Mansfield, Louisiana, he was approached by Eddie Roy Jackson and defendant who asked for a ride. Horton consented and they entered his car. After he had driven a short distance, defendant pointed a pistol at the back of Horton’s head, told him to pull over to the side of the road and hand over his wallet. Thereafter, he got out of the automobile and, as defendant reached inside his pocket for the wallet, a scuffle ensued between defendant and himself. Horton stated that he managed to break away from defendant and ran to a washateria where he telephoned the police. He positively identified defendant as the person who attempted to rob him.
Next, Whitfield Edwards, victim of a robbery allegedly committed by defendant and Eddie Roy Jackson a short time after the incident involving Horton, testified that, as he and his wife were in their automobile, they were approached by defendant and Eddie Roy Jackson who requested a ride. They consented and Eddie Roy Jackson and defendant got into the car. After driving a short distance, Eddie Roy Jackson pointed a pistol at Edwards and ordered him to stop the car. Edwards also noticed that defendant had a knife. After being ordered out of the vehicle, Edwards managed to break away and run off. Two shots were fired as Edwards made his escape. As he looked back, Edwards saw defendant and Eddie Roy Jackson return to his car (where his wife remained) and drive away. Edwards stated that, when the police recovered his vehicle early the next morning, his tool box and the tools contained therein were missing. Both Edwards and his wife (who later testified) positively identified defendant as one of the men involved in the incident. The state established that this second incident occurred approximately 1.2 miles from the scene of the attempted armed robbery of Horton and a short time thereafter.
Eddie Roy Jackson then testified that he and defendant had been in both incidents and that they had previously planned to rob someone that night. After the attempted armed robbery of Horton, they walked to a second liquor store where they encountered Edwards and asked him for a ride. After Edwards ran off, he and defendant drove to Sabine Parish where Edwards’ tool box and tools were removed from the automobile and stored in a house. Thereafter, as they were driving back to Mansfield, they were arrested. Edwards’ wife was with them during the entire episode.
In order for evidence of similar acts committed by defendant to be admissible under La.R.S. 15:445 and 446,[1] the other crimes must first be so distinctively similar as to preponderantly demonstrate that their perpetrator must be the same person. State v. Mitchell, 356 So.2d 974 (La.1978); State v. Jackson, 352 So.2d 195 (La.1977); State v. Slayton, 338 So.2d 694 (La.1976). The proof of the other crime must be relevant to prove a fact of consequence to the accused’s present innocence or guilt (inde *355 pendent of the inadmissible purpose to infer that the accused committed the present crime because he had committed the other one). State v. Mitchell, supra; State v. Frederick, 340 So.2d 1353 (La.1976). Finally, the probative value of the evidence of the other crime must outweigh any prejudicial effect. State v. Jackson, supra; State v. Moore, 278 So.2d 781 (La.1973) (on rehearing).
Pretermitting the issue as to whether the evidence of the other crime allegedly committed by defendant was so distinctively similar to the crime charged as to preponderantly demonstrate that their perpetrator must be the same person, we find such evidence inadmissible under La.R.S. 15:445 and 446 because it is not relevant to prove a fact of consequence to the accused’s present innocence or guilt (independent of the inadmissible purpose to infer that the accused committed the present crime because he had committed the other one).
Horton identified defendant without reservation as the perpetrator of the attempted armed robbery. Likewise, Eddie Roy Jackson described in detail how he and defendant had attempted to rob Horton. Defendant adduced no evidence seriously contesting this identification testimony. Hence, the identity of the accused is not an arguable fact of consequence at actual issue, since the accused did not attempt to show mistaken identity. State v. Showers, 359 So.2d 104 (La.1978). Nor did defendant offer any evidence negating the state’s allegation that he possessed the requisite specific intent to commit an armed robbery of Horton.[2] Therefore, defendant’s specific intent (or lack thereof) was not an arguable fact of consequence at actual issue. See State v. Frederick, supra. In addition, we can discern no other arguable fact of consequence to defendant’s present innocence or guilt to which evidence of defendant’s alleged participation in the other offense might have been relevant. We therefore conclude that the sole effect of the state’s use of other-crime evidence in the instant case was to infer that defendant committed the present crime because he had committed the other one.
The state alternatively contends that other-crime evidence was admissible as part of the res gestae of the present offense.
To constitute res gestae, the “circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.” La.R.S. 15:447-448; State v. Morris, 340 So.2d 195 (La.1976). In the instant case, the state offered no evidence establishing any relationship or connexity between the two offenses (e. g., that the offense against Edwards was part of defendant’s escape from the alleged attempted armed robbery of Horton). Cf. State v. Witherspoon, 292 So.2d 499 (La.1974). Although related in time and place, we are unable to say that the robbery of Edwards was an immediate concomitant of the attempted armed robbery of Horton and formed in conjunction with it one continuous transaction. Rather, the transaction that culminated in the attempted armed robbery of Horton was clearly at an end when the incident involving Edwards occurred. Hence, evidence of the offense involving Edwards was not part of the res gestae of the attempted armed robbery of Horton. Additionally, the evidence of the Edwards robbery was in no way relevant to prove that defendant was involved in the alleged attempted armed robbery of Horton or to prove any essential element of the crime allegedly committed against Horton. See State v. Matthews, 354 So.2d 552 (La.1978); State v. Davis, 311 So.2d 860 (La.1975).
In sum, we find that the evidence introduced by the state constituted inadmissible evidence of another crime allegedly committed by defendant. Accordingly, the trial judge erred in overruling defendant’s objections to the introduction of such evidence.
*356 DECREE
For the reasons assigned, the conviction and sentence are reversed and set aside and the case is remanded to the district court for a new trial in accordance with law.
SUMMERS, C. J., dissents.

 Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.

. La.R.S. 15:445 provides:
In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.
La.R.S. 15:446 provides:
When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.

. Defendant did attempt to establish that Eddie Roy Jackson forced or coerced him to participate in the robbery of Edwards. However, defendant did not make this contention as to the robbery of Horton. Hence, his specific intent, as it related to the Horton incident (the crime charged), was not an arguable fact at issue.