DIXON, Chief Justice.
In the early morning hours of January 10, 1978, a young man approached a cab driver at a filling station and asked him for change of a five dollar bill. As the driver reached into his taxi in search of coins, his interlocutor fired several shots at him, wounding him fatally, and fled with his money. A search of the premises occupied by Michael Johnson and his family uncovered the gun from which the fatal shots were fired, and a photograph of Johnson was tentatively identified as that of the assailant by an eyewitness to the murder and by another cab driver who was ap *742 proached under similar circumstances a few hours before the crime. Johnson was charged with first degree murder, convicted of second degree murder, and sentenced to life imprisonment without benefit of parole for forty years. On appeal, he argues two assignments of error.

Assignment of Error No. 1

In this assignment of error, defendant contends that the court erred when it denied his motion for a mistrial on the ground of prejudicial references to his alleged commission of another offense. The state’s case against Johnson relied heavily upon evidence showing that pellets taken from the victim’s body at the scene of the crime matched the revolver recovered in a search of Johnson’s apartment some seven hours after the murder. As part of the development of this line of evidence, a police officer testified that he executed a search warrant at Johnson’s apartment on January 10, 1978. He also stated that the warrant was prepared, signed, and dated on January 4, 1978 (six days before the commission of the crime for which Johnson was on trial), and further questioning by the district attorney emphasized the discrepancy between the date of signing and the date of execution of the warrant. The defense moved for a mistrial but the court denied the motion and instead admonished the jury to disregard any reference to the warrant or the date of its issuance. Immediately after this admonition, the prosecutor himself referred to the warrant and the date of its execution (but not to the date of its issuance), the defense again moved for a mistrial, and the court denied that motion, observing that it had just directed the jury to ignore any reference to the warrant. Moments later yet another reference to the warrant, but not to its date, was made by the same witness and another motion for mistrial was made and denied by the judge, who announced that he would grant the motion if the warrant was referred to again.
Defendant’s motion for a mistrial was based on C.Cr.P. 770, which provides in pertinent part:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.”
The initial reference to the date of issuance of the search warrant was made by a police officer as witness for the state, and the Official Revision Comment to article 770 states that the provision does not apply to comments made by a witness. This court has indicated, however, that this provision should be applied to highly prejudicial, unresponsive testimony of experienced and knowledgeable police witnesses for the state. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Sutfield, 354 So.2d 1334 (La.1978); State v. Foss, 310 So.2d 573 (La. 1975). In State v. Harris, 383 So.2d 1 (La. 1980), we required a showing of a pattern of unresponsive answers or improper intent by the police officer or prosecutor, in order to apply article 770 to a police officer’s testimony; and a careful reading of the structuring of the testimony complained of here raises the strong possibility of improper intent.[1] However, a more basic question *743 is whether these references were so prejudicial to defendant that article 770’s drastic remedy of a mandatory mistrial should have been invoked or whether admonition was sufficient to avert prejudice.[2] The references to the search warrant adverted to the commission of another crime only by virtue of the fact that the warrant was issued six days before the date of the homicide. But at this point in the trial, the date of the murder had not yet been put before the jury, and the officer’s testimony established only that there was a six day hiatus between the issuance of the warrant and its execution, not between its issuance and the murder. When the jurors finally became aware of the date of the murder, after two other witnesses had testified, it is doubtful whether they then realized that the search warrant must have been issued in connection with some other, earlier criminal offense. In State v. Martin, 377 So.2d 259 (La.1979), reversed on rehearing on other grounds, a mistrial was not required by the state’s allusion to execution of a search warrant in connection with a burglary investigation, as an incident to defendant’s *744 arrest for forgery. In State v. Thorson, 302 So.2d 578 (La.1974), we found that an admonition was sufficient to cure a reference to a prior arrest warrant. Because defendant was not prejudiced by the trial court’s decision to admonish the jury rather than granting a mistrial, this assignment of error is without merit.

Assignment of Error No. 2

Immediately following the testimony concerning the search warrant and its execution, the state elicited the identification of a revolver and a knitted cap as items seized in the course of the search. No motion to suppress this evidence had been filed and no objection to the admissibility of this evidence was raised at this time or when these objects were later presented to other witnesses, but the defense did object when the gun and cap were offered into evidence at the close of the state’s case, on the ground that the seizure had been made without a warrant. Because the evidence had been seized under a search warrant, issued, probably, for another offense, the trial judge properly overruled the objection. The defense counsel then remarked that the gun and cap had been the subject of a motion to suppress, and the admissibility of the evidence had already been determined. This reference to a motion to suppress must have adverted to another case, for no such motion is reflected in the record before us.
There is no merit to this assignment.
For the reasons assigned, defendant’s conviction and sentence are affirmed.

. “Q On January 10th, did you have the occasion to execute a search warrant at 2411 Thalia Street, apartment B?
A I did.
Q And to whom was that search warrant directed? Well, who lived at 2411 Thalia Street, apartment B?
A Mr. Michael Johnson.
*743 BY MR. BOUDOUSQUE:
Your Honor, again I would like to mark this document as State exhibit 11. EXAMINATION BY MR. BOUDOUSQUE:
Q I’d ask you to look at State exhibit 11, and can you identify that object, and if so, how?
A This is the search warrant I prepared and it was signed by the Honorable Judge Robert Collins and I also signed it and dated it on the date it was issued.
Q Do you recall what time it was signed?
A It was signed on January the 4th, 1978 at or about 3:30 in the evening.
Q Do you recall when it was executed!
A January 10th about 8:15 in the morning. BY MR. ZIBILICH:
Your Honor, please, may we approach the bench?
BY THE COURT:
The Court would like to admonish the jury to disregard any reference to the warrant or date of the warrant issued. Strike it, strike it from your mind. Alright (sic) proceed.
EXAMINATION BY MR. BOUDOUSQUE:
Q Now, Officer Reed, is it not a fact that on January 10th, you did execute a warrant at 2411 Thalia Street, apartment B? BY MR. ZIBILICH:
I object, if Your Honor please, for the same reason.
BY THE COURT: I just told the jury to disregard any reference to a warrant on a specific date.
BY MR. ZIBILICH:
And I re-urge, for the record, my motion for a mistrial.
BY THE COURT: Court denies it, ask counsel not to-
BY MR. ZIBILICH:
Note an assignment of error, please.
EXAMINATION BY MR. BOUDOUSQUE:
Q On January 10th-I am sorry, let me withdraw that, Your Honor. Did you proceed to 2411 Thalia Street on January 10th of this year?
A I did.
Q And when you arrived at that residence who was present at that residence?
A Mr. Michael Johnson, defendant-BY MR. ZIBILICH:
Could you speak a little louder please? BY THE WITNESS:
Mr. Johnson, defendant before the bar, his mother Mrs. Eretta Beasely, his sister, Miss Carolyn Johnson, and two small kids.
EXAMINATION BY MR. BOUDOUSQUE:
Q Okay, now was any property subsequently taken from any individual at 2411 Thalia Street, apartment B?
A Yes, sir, as a result of the warrant, yes-BY MR. ZIBILICH:
I object, if Your Honor please, to the constant reference to the warrant and I again move for a mistrial.
BY THE COURT:
I’ll grant it if we have any reference to the warrant again. The court will admonish the witness and the-and the district attorney to make no reference to the-to a warrant.” (Emphasis added).

. Admonition is provided for by C.Cr.P. 771, which states:
“In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.”