DENNIS, Justice,
dissenting.
I respectfully dissent for the reasons assigned by the Chief Justice and for the following additional reasons.
Heretofore, we have followed the basic rule that the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. R.S. 15:445, 446; State v. Sutfield, 354 So.2d 1334 (La.1978); State v. Prieur, 277 So.2d 126 (La.1973); Comment, Other Crimes Evidence in Louisiana — To Show Knowledge, Intent, System, etc. in the case in Chief, 33 La.L. Rev. 614 (1973). The majority’s decision seriously undermines this rule because the other crimes evidence had no relevance except to prove the defendant’s bad character and thereby his propensity to commit the crime on trial.
In previous decisions, we painstakingly articulated precepts designed to safeguard against such a mistake. For example, in State v. Hatcher, 372 So.2d 1024 (La.1979) (on rehearing), we set forth the following rules for determining when other crimes exhibiting almost identical modus operandi, committed in close proximity to the charged offense, will be admissible:
In order to be admissible the extraneous offense evidence must meet several tests: (1) there must be clear and convincing evidence of the commission of the other crimes and the defendant’s connection therewith; State v. Prieur, 277 So.2d 126 (La.1973); see also, State v. Gaines, 340 So.2d 1294, 1298 (La.1977) (concurring opinion); McCormick on Evidence, § 190, pp. 451-52 (2d ed. 1972); (2) the modus operandi employed by the defendant in both the charged and the uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person; State v. Jackson, 352 So.2d 195 (La.1977); State v. Lee, 340 So.2d 1339, 1345 (La.1977) (concurring opinion); (3) the other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. State v. Frederick, 340 So.2d 1353 (La.1976); (4) the other crimes evidence must tend to prove a material fact genuinely at issue; State v. Ledet, 345 So.2d 474 (La.1977); (5) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. State v. Sutfieid, 354 So.2d 1334 (La.1978); State v. Jackson, 352 So.2d 195 (La.1977).
Id. at 1033. Our previously applied, narrow rules governing the admissibility of other crimes evidence has received scholarly approval. See Pugh, Developments in the Law, 1980-81, Evidence, 42 La.L.Rev. 659, 662-63 (1982). Moreover, our approach has been the approach taken by a majority of the jurisdictions in this country for many years. See Comment, supra.
The majority falls into error by ignoring these precepts and adopting a spray technique whereby some of the factors are considered but are not applied to the facts of the case in any principled manner. Without giving any good reasons, the majority labels with pejorative epithets the precepts we have carefully applied in countless previous cases and then casts them aside. I believe the result achieved by the majority proves the lack of wisdom in deviation from our tried and true approach. Despite the lengthy argumentation of the opinion of the court it simply approves the admission of other crimes evidence solely as tending to prove the defendant’s disposition to commit the offense for which he was tried. See also Model Code of Evidence Rule 311.
*752 The majority offers no reason for its failure to apply the precepts of our statutes and settled jurisprudence in the present case. The reason may be that this is a hard case involving extremely reprehensible crimes. If this is the reason, it does not justify a court of law in ignoring the fact that wrongfully introduced evidence may have deprived a defendant of a fair trial.