GARRISON, Judge.
The defendant, Byron Charles, was charged by bill of information with aggravated burglary, a violation of LSA-R.S. 14:60, and by grand jury indictment with aggravated rape, a violation of LSA-R.S. 14:42. After a jury found the defendant guilty as charged on both counts, he was sentenced to serve thirty years at hard labor for the aggravated burglary conviction and life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the aggravated rape conviction. Defendant now appeals his convictions and sentences.
In the early morning hours of September 24, 1984, the victim in this case, a woman living with her three young children, was awakened by the presence of a man in her apartment at 1515 Horace Street in New Orleans. She got out of her bed and begged the man, who was armed with a knife and who was wearing a stocking over his head, not to hurt her children. He replied that he would not hurt them if she remained quiet. He then asked her if she had any money and she gave him the seven dollars which she had in her purse. The man then ordered her to perform oral sex and raped her. At some point during this attack, the victim’s ten year old daughter heard her mother crying and looked into her mother’s bedroom where she saw the intruder. The child ran to her grandmother’s house nearby to seek her assistance. The grandmother then went into the victim’s apartment and called out the victim’s name. At that time, the assailant fled through the back door.
The police arrived at the scene shortly thereafter and determined that the perpetrator had entered the premises through the living room window. Fingerprints were found on the window panes and were later identified as belonging to the defendant. A neighbor of the victim’s had suggested to the police that the defendant should be checked out because he had recently been released from prison after being acquitted on charges of a burglary and rape occurring in that same neighborhood. The defendant denied raping the victim, claiming that he was at home with his girlfriend on the morning in question.
On appeal, the defendant alleges that the trial court erred in permitting the State to present evidence of another crime purportedly committed by the defendant. At trial, the State elicited testimony concerning the circumstances of the defendant’s departure from an apartment where he had lived pri- or to the incident for which he was on trial. According to a State witness, Cynthia Johnson, the defendant had broken into her apartment on an earlier occasion armed with a knife and had attempted to sexually assault her. Johnson claimed that she escaped after throwing flour in the defendant’s face. Allegedly, a jacket belonging to defendant was retrieved by police and was found to have flour on it. Defense counsel in the present case strenuously objected to the allowance of this testimony in light of the fact that the defendant was found not guilty of the attack on Cynthia Johnson. However, the trial judge overruled the defendant’s objection based on the district attorney’s argument that testimony con- *1097 ceming this other offense was admissible to show the modus operandi of the defendant, i.e. that he attacked women living only with young children in the early morning hours, that he was always armed with a steak knife, that he either sexually abused or attempted to sexually abuse his victims, that the victims’ children were threatened and that money was taken from the victims.
According to the leading case of State v. Prieur, 277 So.2d 126 (La.1973), evidence of crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. These exceptions include the admissibility of related offenses for res gestae purposes, of convictions for impeachment purposes and of acts relevant to show intent, knowledge or system. The State contends that the evidence in question falls within the exception relative to acts relevant to show system, e.g. those acts and offenses which are of a like nature and exhibit like methods or plans of operation. Prieur, supra. LSA-R.S. 15:446 states that:
“When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”
In the case of State v. Hatcher, 372 So.2d 1024 (La.1979), the Louisiana Supreme Court outlined the requirements for the admissibility of other-crimes evidence under the modus operandi or system exception:
“In order to be admissible the extraneous offense must meet several tests: (1) there must be clear and convincing evidence of the commission of the other crimes and the defendant’s connection therewith: State v. Prieur, 277 So.2d 126 (La.1973), see also, State v. Gaines, 340 So.2d 1294, 1298 (La.1977) (concurring opinion); McCormick on Evidence, Section 190, pp. 451-452 (2d ed. 1972); (2) the modus operandi employed by the defendant in both the charged and the uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person; State v. Jackson, 352 So.2d 195 (La.1977); State v. Lee, 340 So.2d 1339, 1345 (La.1977) (concurring opinion); (3) the other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. State v. Frederick, 340 So.2d 1353 (La.1976); (4) the other crimes evidence must tend to prove a material fact genuinely at issue; State v. Ledet, 345 So.2d 474 (La.1977); (5) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. State v. Sutfield, 354 So.2d 1334 (La.1978); State v. Jackson, 352 So.2d 195 (La.1977).”
In the present case, the State failed to meet almost all of the prerequisites for the admissibility of this evidence. As was stated before, the defendant was acquitted of the previous incident involving Cynthia Johnson, thereby negating the first requirement. Secondly, the modus operandi alleged by the State, i.e. crimes involving sexual assault on single women living with their children, attacks in the early morning hours by a perpetrator armed with a knife and the robbery of money from the victims is not, sadly enough, “so peculiarly distinctive” such that one must conclude that the same person committed the crimes. Furthermore, no relevant purpose has been shown for the admissibility of this evidence other than to show that the defendant is a man of criminal character. Finally, the prejudicial effect of this evidence greatly outweighs its probative value.
Therefore, because we conclude that the trial judge committed reversible error in allowing the introduction of evidence of other crimes allegedly committed by the *1098 defendant, we reverse defendant’s conviction and remand this case for a new trial.
REVERSED AND REMANDED.