CIACCIO, Judge.
We granted certiorari on the application of the State in order to review a judgment of the trial court granting defendant’s motion to suppress evidence. Defendant filed a brief in opposition to the application and was given the opportunity to present additional briefing and oral argument. The record contains the entire transcript of testimony taken at the trial of the motion to suppress. We have concluded that the trial judge erred in granting defendant’s motion and reverse his judgment.
On July 27,1982 New Orleans Police Officers Michael Fejka and Elizabeth Joseph were on routine patrol on North Carrollton Avenue, which is an area with a high rate of burglaries. The officers observed David Denis carrying a bulky object covered by a blue cloth (the object being a portable television set) and because of their previous experience, they suspected the cloth was covering a stolen television set. The defendant was walking in the opposite direction on the sidewalk. Denis appeared nervous and continually looked back over his shoulder at the officers as they slowed and passed him. The officers drove down Carrollton Avenue to City Park where they made a U turn and retraced their route.
Upon seeing the police vehicle return the defendant hid behind a large tree. The defendant then reversed his direction of travel and, in a quickened pace, proceeded back up North Carrollton Avenue. The officers stopped Denis for investigation. After informing him of his rights and confirming that the object held was a television set and upon observing a bulge in the defendant’s clothing, Officer Fejka performed a “pat down” for a weapon. Instead he found a box containing jewelry. It was *802 later discovered that the television set and jewelry had been taken in a burglary some four blocks away.
Under these circumstances we find that reasonable suspicion existed for the investigatory stop. State v. Wade, 390 So.2d 1309 (La.1980), cert. den., 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 848. Moreover, the search of the defendant’s pockets was based upon the reasonable belief that the defendant was in possession of a dangerous weapon. C.Cr.P. Art. 215.1. State v. Wade, supra.
Accordingly, the judgment of the district court granting the motion to suppress the evidence is reversed and the case is remanded to the trial court for further proceedings.