468 So.2d 12 (1985)
STATE of Louisiana
v.
David B. DENIS.
No. KA 3090.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
James C. Lawrence, Gerdes & Valteau, Anthony R. Crouse, Guillory and Crouse, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
The defendant, David Denis, was charged by bill of information with possession of stolen things in violation of LSA.R.S. 14:69. After pleading not guilty, the defense filed a motion to suppress the evidence which was granted by the trial judge. This decision was reversed by the Fourth Circuit Court of Appeal in State v. Denis, 441 So.2d 801 (La.App. 4th Cir. 1983). Following this decision, the defendant withdrew his former plea of not guilty and entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the Fourth Circuit ruling. The defendant was sentenced as a multiple offender to five years at hard labor. He now appeals the decision denying his motion to suppress the evidence.
Because this court has already reviewed the trial judge's ruling on the motion to suppress the evidence, we will not again review the same ruling based upon the same evidence. Therefore, the defendant's *13 guilty plea should be set aside. According to the Crosby case:
"If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas. The plea could not therefor be characterized as voluntary, because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained."
Prior to the first ruling of this court in which the trial judge's granting of the defendant's motion to suppress was reversed, the defendant filed a brief in opposition to the state's application and was given the opportunity to present additional briefing and oral argument. Therefore, because the defendant has already been afforded a reasonable opportunity to be heard and because no new evidence has surfaced since the first ruling by this court, we conclude that the trial judge erred in accepting a Crosby plea from the defendant in this case.
Therefore, the guilty plea of the defendant is set aside and this case is remanded to the trial court for proceedings consistent with this opinion.
PLEA SET ASIDE and CASE REMANDED.