KLEES, Judge.
The defendant, Thaddeus Batiste, was charged by bill of information with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. After pleading not guilty, the defense filed a motion to suppress the evidence which was granted by the trial court. This decision was reversed by the Fourth Circuit Court of Appeal in State v. Batiste; K-1293 (September 30, 1983). Following this decision, the defendant changed his plea to guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the Fourth Circuit ruling. The defendant was sentenced to three years at hard labor. He now appeals the decision denying his motion to suppress the evidence.
ASSIGNMENT OF ERROR
In this assignment, the defendant alleges that he was prejudiced when his motion to suppress the evidence was denied. The present case is factually identical to State v. Denis, 468 So.2d 12 (La.App. 4th Cir. 1985), where this court set aside the defendant’s guilty plea and remanded the case. In Denis, the defendant’s motion to suppress the evidence was granted by the trial court but reversed by this court. The defendant then pled guilty under State v. Crosby, supra, reserving his right to appeal this court’s ruling. The defendant appealed the denial of his motion to suppress, but offered no new evidence. The court in Denis 468 So.2d at 12, 13 concluded that:
“Because this court has already reviewed the trial judge’s ruling on the motion to suppress the evidence, we will not again review the same ruling based upon the same evidence. Therefore, the defendant’s guilty plea should be set aside. According to the Crosby case:
‘If we are not able to afford the accused their bargained-for appellate rei-vew, we must set aside the guilty pleas. The plea could not therefor be characterized as voluntary, because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained.’ Prior to the first ruling of this court in which the trial judge’s granting of the defendant’s motion to suppress was reversed, the defendant filed a brief in opposition to the state’s application and was given the opportunity to present additional briefing and oral argument. Therefore, because the defendant has already been afforded a reasonable opportunity to be heard and because no new evidence has surfaced since the first ruling by this court, we conclude that the trial judge erred in accepting a Crosby plea from the defendant in this case.”
In the present case, this court has already ruled on the motion to suppress when it reversed the trial court’s granting of the motion. Further, the defendant has not produced any new evidence on appeal. Accordingly, for the above reasons the defendant’s guilty plea is set aside and this case is remanded to the trial court for proceedings consistent with this opinion.
PLEA SET ASIDE AND CASE REMANDED.