760 So.2d 362 (2000)
STATE of Louisiana
v.
Kenneth POLLARD.
No. 98-KA-1376.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 2000.
Dissenting Opinion February 11, 2000.
*363 Harry F. Connick, District Attorney, Charles E. F. Heuer, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff.
Milton P. Masinter, Metairie, LA, Counsel for Defendant.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr., and Judge ROBERT A. KATZ).
BAGNERIS, Judge.

STATEMENT OF THE CASE
On January 10, 1996, Pollard, the defendant, was charged by bill of information with forcible rape, a violation of LSA-R.S. 14:42.1. Pollard pled not guilty at the arraignment. The State filed notice of its intent to use other crimes evidence, pursuant to LSA-C.E. art. 404 B.
On September 4, 1996, and on October 18, 1996, the trial court conducted a Prieur hearing. The trial court denied the State's motion to use other crimes evidence. The State sought writs to this court. State v. Pollard, 96-2327, (La.App. 4 Cir. 10/31/96). This court determined that the alleged rapes of April Jones and Jacqueline Jackson fit the exception for the use of other *364 crimes evidence and granted the writ, thereby reversing the trial court and allowing the evidence of other crimes into evidence, specifically the testimony from the alleged victim April Jones. Pollard sought writs to the Supreme Court. The Supreme Court denied the defendant's writ. State v. Pollard, 96-2742 (La.1/10/97), 685 So.2d 145. The trial in this matter was set for April 7, 1997; however, on that day, the State nolle prosequi the case, reserving the right to re-institute prosecution of Pollard.
On October 2, 1997, the State filed a new bill of information against Pollard, charging him with forcible rape, a violation of LSA-R.S. 14:42.1. Pollard pled not guilty at his arraignment. The defense for Pollard adopted all previous motions filed and heard in Case # 382-977.
On November 6, 1997, trial was held. During this trial, the State called April Jones to testify as to an alleged rape that occurred in 1987. The jury found Pollard guilty as charged. Pollard then filed a Motion for New Trial that the trial court denied. Pollard was sentenced to twenty years at hard labor without benefit of parole, probation, or suspension of sentence. Pollard appealed his conviction and sentence.
On appeal, Pollard contends that the trial court erred in admitting "other crimes evidence" into evidence. We agree.

STATEMENT OF FACTS
Pollard and the victim, M.N., met at the New Orleans International Airport, where Pollard worked as a skycap for Southwest Airlines. M.N. was a college student at Xavier University. She was returning from Thanksgiving vacation at her parents' home in Illinois. Pollard approached M.N. while she was waiting for her baggage. Pollard and M.N. engaged in conversation. Pollard invited M.N. to a party he was giving, and he gave M.N. his phone number.
Pollard and M.N. had no other communication until M.N. was again at the airport and leaving New Orleans to go to her parents' home for the Christmas holiday. Pollard and M.N. talked a while and exchanged phone numbers. M.N. spoke with Pollard twice during the Christmas holiday, and she agreed to see him after she returned to New Orleans.
On January 10, 1996, Pollard picked M.N. up at Xavier. They went to Houston's in Metairie for lunch. Pollard and M.N. then went for a drive around New Orleans. As they were driving, Pollard claimed that he heard noise coming from his car, and he needed to have a mechanic check it out. Pollard drove to a house that he claimed was a mechanic's house, and he went inside. M.N. remained inside the car. Pollard returned to the car and informed M.N. that the mechanic would be back in fifteen minutes.
Pollard and M.N. went inside Pollard's house to wait for the mechanic to return. There was no one inside the house. Pollard and M.N. went into the den. M.N. sat in a recliner, and Pollard played a video game.
Pollard asked M.N. if she wanted to see a movie. He explained that the VCR was in a bedroom. Pollard and M.N. went into a bedroom and sat on his bed in order to watch the movie.
Pollard began to massage M.N. and her bra became unbuttoned. M.N. testified that she was not intimidated and felt in control. M.N. testified that she felt like she was losing control when Pollard pushed her back forcefully onto the bed. M.N. testified that Pollard unfastened her pants, pulled her panties to the side, and inserted his penis inside of her.
M.N. testified that she cried and pushed Pollard to get him off of her. M.N. testified that Pollard became "really emotional". M.N. testified that Pollard stopped when she became emotional. M.N. testified that she collected her things and went to the bathroom. M.N. further testified *365 that Pollard was apologetic and that he drove her home.

LAW AND DISCUSSION
Pollard contends that the trial court erred when it allowed evidence of another crime to be used against him during trial, in violation of Rules 403 and 404 B of the Louisiana Code of Evidence. In support of Pollard's argument, he cites State v. Prieur, 277 So.2d 126 (La.1973), which provides that evidence of extraneous offenses is inadmissible because of the prejudicial effect upon the accused's constitutional presumption of innocence. Further, the introduction of evidence of other acts of misconduct involves substantial risk of prejudice to a defendant.
Prior to trial, the State filed a Motion to Use Other Crimes Evidence. Pollard opposed the uses of this "other crimes" evidence. The trial court conducted a Prieur hearing, and subsequently denied the State's Motion. The State sought writs to this Court. This Court granted the State's writ application. State v. Pollard, 96-2327 (La.App. 4 Cir. _____). The Court opined as follows:
Both of the prior acts fit the criteria set by State v. Prieur, 277 So.2d 126 (1973). Respondent argues that the prior acts cannot be used to show consent. This court has ruled that intent and consent are intertwined. State v. Moore, 534 So.2d 1275 (La.App. 4th Cir.1988), writ granted, 539 So.2d 44 (La.1989), writ denied, 560 So.2d 21 (La.1990).
Respondents argue that this case should be overruled. We are not inclined to do so. The distinctive details of the prior acts make them probative and persuasive to this court.
In the instant case, at the Prieur hearing, the State moved to introduce evidence of two prior alleged incidents for the purpose of showing that Pollard had a "system, pattern, or plan" to befriend women and then rape them.
Evidence of crimes related to the offenses with which a defendant is charged is inadmissible except under special circumstances. Aside from related offenses admissible as part of the res gestae, and convictions admissible for impeachment purposes, there are three exceptions provided by statute: acts relevant to show intent, knowledge and system. LSA-R.S. 15:445 and 15:446.
LSA-R.S. 15:445 provides:
In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact. It may be inferred from the circumstances of the transaction.
LSA-R.S. 15:446 provides:
When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct, or declarations of the accused as tend to establish such knowledge or intent, and where the offense is one of a system, evidence is admissible to prove the continuing of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offenses charged.
The Supreme Court in State v. Moore, 440 So.2d 134 (La.1983) opined that:
Evidence of other crimes is inadmissible when the only purpose of the evidence is to show the defendant's propensity to violate the criminal laws since the relevancy of such evidence for the purpose of showing that the defendant was the perpetrator is so marginal that its probative value is heavily outweighed by its prejudicial effect.
The underlying purpose of this rule excluding such evidence is to protect the defendant from undue prejudice resulting from the use of evidence, which has *366 only marginal relevance to, disputed issues.[1]
In State v. Hatcher, 372 So.2d 1024 (La.1979), the Supreme Court sets forth guidelines for determining the admissibility of evidence of other crimes:
(1) There must be clear and convincing evidence that the defendant committed the other crimes (See State v. Prieur, 277 So.2d 126 (La.1973); State v. Gaines, 340 So.2d 1294, 1298 (La.1976).)
(2) The other crimes evidence must be substantially relevant for some other purpose than to show the defendant's general criminal character (See State v. Jackson, 352 So.2d 195 (La.1977); State v. Lee, 340 So.2d 1339, 1345 (La.1976) concurring opinion);
(3) The other crimes evidence must tend to prove a material fact genuinely at issue (See State v. Frederick, 340 So.2d 1353 (La.1976);
(4) The method of commission of both the charged and the uncharged crime must be so distinctively similar that one may logically infer that the same person committed both crimes (See State v. Ledet, 345 So.2d 474 (La.1977);
(5) The probative value of the other crimes must outweigh its prejudicial effect (See State v. Sutfield, 354 So.2d 1334 (La.1978)).
Great deference should be accorded to an appellate court's pre-trial decision on admissibility unless it is apparent in light of the subsequent trial record that the decision was patently erroneous and produced an unjust result. State v. Carey, 609 So.2d 897, 898 (La.App. 4th Cir.1992), citing State v. Humphrey, 412 So.2d 507 (La.1981) (on rehearing) and State v. Moran, 584 So.2d 318 (La.App. 4th Cir.), writ den. 585 So.2d 576 (La.1991). The appellate court's prior decision of admissibility on a pre-trial writ does not absolutely preclude a different decision on appeal. State v. Carey, 609 So.2d at 898, citing State v. Johnson, 438 So.2d 1091 (La.1983).
In Carey the trial court denied the defendant's motion to suppress and this Court considered the admissibility of the evidence in a pre-trial writ application. We held that reasonable suspicion for an investigatory stop of the defendant's automobile existed and that the evidence was properly seized under the plain view doctrine. The defendant was convicted on appeal and argued that the evidence should have been suppressed. After considering testimony from the hearing on the motion to suppress and from trial, this Court held that there was no reasonable cause to stop the vehicle and that the Court's decision on the pre-trial writ was patently erroneous. The Court reversed the conviction and sentence, granted the motion to suppress, and remanded for further proceedings.
In the instant case, after review of the record in its entirety, it is apparent that the evidence of the other alleged rapes was offered to show that Pollard had a bad character, not to establish any common system, guilty knowledge, or intent. But a defendant's character is not properly at issue unless he chooses to put it at issue. See generally LSA-R.S. 15:481.
In the case at bar, the State's case against Pollard was strong without the testimony of April Jones, the alleged victim from the 1987 incident. Further, April Jones' testimony at trial was inconsistent and failed to meet the requirements of LSA-R.S. 15:445-15:446 (i.e., common system, guilty knowledge and intent). Furthermore, the police report, dated July 29, 1987, regarding the alleged incident on that date, indicates that April Jones was raped while Pollard was armed with a *367 knife. However, at the Prieur hearing of September 4, 1996, Jones testified that Pollard never attacked her with a knife. Jones only testified that Pollard pushed her down on the bed and straddled her so she could not move. Jones further testified that Pollard pulled out his penis; pulled off her clothes; pried her legs open; and raped her.
Jones' testimony at trial on November 6, 1997, was that Pollard pushed her on the bed; pinned her down; pulled her underclothes to the side and put his penis inside of her. Jones never testified that Pollard threatened her with the knife or used the knife in any manner against her. Jones testified that Pollard only had a knife in his hand. Further, Jones admitted that she dropped the charges against Pollard.
In the present case, there was no clear and convincing evidence that Pollard committed the other alleged crimes (i.e., two forcible rapes). Secondly, the other crimes evidence was not substantially relevant to the charged offense other than to show Pollard's general bad character. Thirdly, the other crimes evidence was not offered to prove a material fact genuinely at issue in the charged offense. See State v. Moore, supra. Fourth, the method of commission of both the charged and uncharged crimes was not so distinctively similar. Fifth, the probative value of the other crimes evidence failed to outweigh its prejudicial effect.
On November 6, 1997, the trial court allowed the testimony of April Jones. The following is an excerpt of the dialogue between defense counsel, the assistant district attorney, and the trial court regarding April Jones' testimony to "other crimes evidence":
MR. PHILLIPS:
I just would like to put on the record that we object to the introduction of Ms. Jones in a piecemeal testimony that was a first presented in the Prieur Hearings as part of a pattern, which was supported, by other testimony. And it's my contention that that pattern information comes and is taken as a whole entity and should be presented as a whole entity and not be allowed to pick and choose from that. And I just wanted to get my objection on the record, Your Honor.
THE COURT:
Any response?
MR. BRAVO:
In response, Your Honor, this evidence was previously Prieured in. There was no stipulation, and the State had to call the witnesses. It was simply, the State was able to show that the defendant has a pattern of raping women and the Court accepted that. And there was simply no contingency plan that the State had to call all of its witnesses. It was deemed that the witnesses that it had were reliable and fit within the Prieur Exception.
THE COURT:
For the record, this Prieur Hearing was held in this court, and I issued a ruling on October 18, 1996, ruling denying the Motion for Prieur testimony in this case. And I think both Ms. Jones and Ms. Jackson both testified, and I, at that time, ruled I would not permit it to be used as Prieur testimony.
The State sought writs to the Fourth Circuit. The Fourth Circuit, on October 31, 1996, granted the State's writ and said that both of the prior acts fit the criteria of State v. Prieur, and that the respondent argued that the prior acts cannot be used to show consent. The Fourth Circuit stated that this court, meaning that the Fourth Circuit has ruled that "intent" and "consent" are intertwined. They cited State v. Moore. And I think, Mr. Phillips, you had argued that that case should be overruled, and they said they were not inclined to do so at that time.
The Fourth Circuit further said that the distinctive details of the prior acts make them probative and persuasive. And so therefore, the Fourth Circuit reversed my ruling.

*368 And I think you sought writs to the Supreme Court, and the Supreme Court subsequently, on January 10, 1997, denied your writ. So it doesn't say in the ruling that both have to testify. They said both acts were persuasive, and so I take that to mean, each, both, or either one could be used as Prieur testimony. And we'll note your objection for the record.
MR. PHILLIPS:
And I object that their prejudice is greatly  individually, is much greater than the probative. And let's go ahead.
THE COURT:
Well, of course, I agree with you in my ruling, and you and I both got shot down on it, Mr. Phillips.
MR. PHILLIPS:
Yes, sir.
THE COURT:
So based on that, I will, of course, you and I both will have to follow the rulings of the Fourth Circuit and the Louisiana Supreme Court.
In the instant case, the testimony of April Jones, who was the alleged victim of the unadjudicated crime of aggravated rape and who was a fifteen-year-old minor at the time of the alleged offense in which she was attacked and raped with a knife, was so prejudicial that its probative value was minimal in this forcible rape offense. Further, the facts of an unadjudicated aggravated rape dwarfed the facts of the forcible rape for which Pollard was on trial. Thus, we find that April Jones' testimony should not have been allowed and the trial court was correct in denying the motion to use other crimes evidence.
Further, we note that the trial transcript is devoid of any evidence that the trial court instructed the jury as to the limited purpose of other crime evidence before allowing April Jones to testify. In addition, we find that the trial court transcript is also devoid of any evidence that, at the close of arguments, the trial charged the jury as to the limited purpose of other crimes evidence before the jury retired to deliberate in this matter. We find these omissions to be error.
Additionally, we find that the probative value of the other crime evidence failed to outweigh its prejudicial effect. Further, it is reasonable to conclude that the jury would not allow this untried, unpunished, would-be-rapist of other young women to go free in this trial.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence is reversed. The trial court's denial of the Motion for New Trial is reversed, and this case is remanded for a new trial consistent with this opinion.
CONVICTION AND SENTENCE VACATED.
REVERSED AND REMANDED FOR NEW TRIAL.
KATZ, J., DISSENTS WITH REASONS TO BE ASSIGNED.
KATZ, J., dissenting with reasons.
I can find no legal rational basis upon which to reverse the conviction and sentence of Kenneth Pollard.

ERRORS PATENT
The matters to be reviewed by this court on appeal are set forth in LSA-C.Cr.P. art. 920 as follows:
The following matters and no others shall be considered on appeal:
1. An error designated in the assignment of errors; and
2. An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In accordance with this article, all appeals are reviewed by this court for errors patent on the face of the record. Upon a review of the record there are no errors patent.

*369 THE SOLE ASSIGNMENT OF ERROR

The defendant, Kenneth Pollard, has had four briefs filed on his behalf in connection with this appeal:
1) "Brief of Appellant"
2) "First Supplemental Brief"
3) "Second Supplemental Brief"
4) "Post-Argument Brief"
In both the Original and First Supplemental Brief, the defendant/appellant designates the identical "Assignment of Error": "The trial court erred when it allowed evidence of another crime to be used against defendant during trial in violation of Rules 403 and 404 B of the Louisiana Code of Evidence."
There are no other assignments of error designated by the defendant for review.
The writ opinion issued by this Court on October 31, 1996, 96-K-2327, writ denied, 96-2742 (La.1/10/97), 685 So.2d 145, allowing the introduction at trial of the alleged prior sexual acts between Ms. Jackson and Ms. Jones, respectively, and the defendant, set forth the following rationale:
"Under the facts as presented by the relator and respondent we find that State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96), 672 So.2d 197 is persuasive....Both of the prior acts fit the criteria set by State v. Prieur, 277 So.2d 126 (1973). Respondent argues that the prior acts cannot be used to show consent. This court has ruled that intent and consent are intertwined. State v. Moore, 534 So.2d 1275 (La.App.4thCir. 1988), writ granted, 539 So.2d 44 (La. 1989), writ denied, 560 So.2d 21 (La.1990)....Respondents argue that this case should be overruled. We are not inclined to do so....The distinctive details of the prior acts makes them probative and persuasive to this court....Accordingly, the trial court's ruling denying the admission of Prieur evidence is hereby reversed and this matter is remanded to the trial court for further action."
Based upon the sole assignment of error, it is obvious the defendant read this writ decision as requiring the State to use both of the prior sexual incidences at trial. Otherwise, it is quite likely that there would have been no objection made on behalf of the defendant and there would not now be any assignment of error to review on appeal.
In further support of this contention, I cite the following quotes from the defendant/appellant's Original Brief:
"In addressing the issue prior to trial, this Court (Appellate Court) ruled that both of the prior acts fit the criteria for use of other crimes evidence. However, at trial the State chose to use only one of the prior incidents (sic) (incidences) and called April Jones to give her account of what allegedly occurred in 1987 with Mr. Pollard. The defense moved to exclude her testimony since this Court had ruled that both prior incidents (sic) (incidences) fit the criteria and the State was using only one of the witnesses...It is Mr. Pollard's contention that this Court's decision (writ opinion, 96-K-2327, 10/31/1996) was based on the State's introduction of two witnesses alleging that Mr. Pollard had forcibly raped them, and that this Court would not have reversed Judge Bigelow's ruling had the State's Prieur notice included only Ms. Jones's allegations of ten years earlier...."
This contention of the defendant is further supported by the transcript of the trial. When Ms. April Jones was called by the State to testify, Mr. Phillips, defense counsel, requested that the jury be excused so he could articulate on the record his objection to the testimony of Ms. Jones. The trial court acceded to this request and the following colloquy ensued:
MR. PHILLIPS:
"I just would like to put on the record that we object to the introduction of Ms. Jones in a piecemeal testimony that was first presented in the Prieur Hearings as part of a pattern which was supported *370 by other testimony. And it's my contention that that pattern information comes and is taken as a whole entity and should be presented as a whole entity and not be allowed to pick and choose from that. And I just wanted to get my objection on the record, your Honor."
PROSECUTOR:
"There was no stipulation, and (sic) (that) the State had to call the witnesses. It was simply, the State was able to show that the defendant has a pattern of raping women and that was accepted by the Court...."
I concur with the State's position that there is no merit to the assignment of error raised by the defendant. Just because this court had issued a writ opinion in which the State was granted the right to call as witnesses at trial two women who allegedly were raped by the defendant at prior times, this ruling was not mandatory upon the State. In other words, the State had the option to call both, one or neither of the alleged victims as witnesses, depending upon the trial strategy and the dynamics of the trial at the time the decision had to be made. This option belonged to the State and how the State chose to exercise its option was within its sole discretion and the defendant cannot complain about the manner in which the State exercised its option.
Therefore, the defendant's sole assignment of error is without merit.
This would normally end the dissent but I feel compelled to respond to certain issues raised by the majority opinion.

A RESPONSE TO THE MAJORITY OPINION
1. The majority opinion attacks the 1996 writ opinion permitting evidence of prior crimes.

The majority opinion disagrees with the earlier 1996 writ decision which permitted the State to introduce evidence of two prior sexual acts allegedly committed by the defendant at trial in the matter sub judice.
In fact, there are many statements throughout the majority opinion which criticize the 1996 writ decision:
1) "In the instant case, after review of the record in its entirety, it is apparent that the evidence of the other alleged rapes was offered to show that Pollard had a bad character, not to establish any common system, guilty knowledge, or intent...."
2) "The other crimes evidence was not substantially relevant to the charged offense other than to show Pollard's general bad character...."
3) "The method of commission of both the charged and uncharged crimes were not so distinctively similar...."
4) "The probative value of the other crimes evidence failed to outweigh its prejudicial effect...."
5) "After reviewing the record, we find that the trial court erred when it allowed April Jones to testify regarding other crimes evidence...."
6) "Additionally, we find that the probative value of the other crimes evidence failed to outweigh its prejudicial effect. Further, it is reasonable to conclude that the jury would not allow this untried, unpunished, would-be-rapist of other young women to go free in this trial."
As a matter of fact, one of the few statements in the entire majority opinion that I happen to agree with is the last quoted statement: Not only is it "reasonable to conclude that the jury would not allow this ... would-be-rapist... to go free...," the jury in fact convicted this "would-be-rapist" so he could not go free.
In support of the proposition that the prior bad acts were really introduced to show bad character and not any common system, plan, scheme or intent, the majority opinion cites two revised statutes: LSA-R.S. 15:445 and LSA-R.S. 15:446. However, the opinion fails to advise the reader that both of these statutes were *371 repealed in 1988, effective on January 1, 1989, some six years prior to the commencement of these proceedings. See Acts 1988, No. 515, § 8, effective Jan. 1, 1989. Notwithstanding this, the majority opinion concludes that "April Jones' testimony at trial was inconsistent and failed to meet the requirements of LSA-R.S. 15:445-15:446...."
However, the majority decision does cite the jurisprudential principles which permit a court to re-examine the correctness of a prior pre-trial ruling relating to the admissibility of evidence:
"The law is clear that once a pretrial determination of the admissibility of evidence is made, great deference must be accorded to this earlier decision although it does not absolutely preclude a different decision on appeal. State v. Humphrey, 412 So.2d 507, 523 (La. 1981). An appellate court will not reverse its pretrial determination on the admissibility of evidence unless the defendant can present new evidence on appeal tending to show that the earlier decision was patently erroneous and produced an unjust result. State v. Joseph, 573 So.2d 1248, 1252 (La.App. 4 Cir.1991), writ denied, 577 So.2d 31 (La. 1991); State v. Humphrey, 412 So.2d 507, 523 (La.1981). Where a defendant fails to produce new evidence on appeal, this court will not again review the same ruling based upon the same evidence." State v. Batiste, 482 So.2d 122, 123 (La. App. 4 Cir.1986), citing State v. Denis, 468 So.2d 12, 13 (La.App. 4 Cir.1985).
In an attempt to come within the "patently erroneous" and "unjust result" exception, the majority opinion cites inconsistencies between the testimony of Ms. Jones' at the Prieur hearing in 1996 and her trial testimony in 1997. For example, at the Prieur hearing in 1996, Ms. Jones testified that the defendant pushed her down on the bed, straddled her, pulled her pantyhose off, pried open her legs, kept her pinned down on the bed with his body and shoved his penis in, all the while she was crying. Ms. Jones testified at trial that the defendant had a knife in his hand while he was preparing to rape her; that he pulled her underclothes to the side, pinned her down on the bed with his body and inserted his penis. These inconsistencies pale by comparison when compared with the defendant's overall scheme and design to rape both of these young women who were just teenagers at the time of their respective rapes.
The majority opinion argues that these few discrepancies constitute "new evidence" that renders this court's 1996 writ decision "patently erroneous" and produced an "unjust result". Accordingly, the majority opinion would reverse the conviction, remand for a new trial and prohibit the introduction of any prior sex act at trial.
I disagree that these few discrepancies constitute "new evidence" tending to show that the 1996 writ decision was "patently erroneous" or produced any "unjust result." In fact, in State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96), 672 So.2d 197, 209-210, writ denied, 96-1126 (La.10/4/96), 679 So.2d 1379, the Court of Appeal mentioned several things that are relevant to the case sub judice:
1. The prior crimes were proved by a preponderance of the evidence (rather than by "clear and convincing proof").
2. The trial judge properly found that the probative value of the evidence outweighed the possibility of prejudice.
3. The trial judge agreed with the State that the testimony of the witnesses' showed a system or pattern and stated that in all but one of the instances, the defendant had committed crimes upon people with whom he had had some previous contact.
4. The defendant used force in all instances. He wielded a knife with three of the victims; he strangled and dragged two of the victims; and two of the victims he pulled by their hair.

*372 5. The crimes were not committed in close proximity in time and space. The crimes occurred over several years 1985,1988,1991 and 1993- and at varying times of the day and night.
6. While the details of the various attacks were not so similar so as to produce a distinct modus operandi, we find the trial judge properly admitted the testimonies because they all, with the exception of one victim, show a "pattern" and "intent" on defendant's part to force women, with either a knife or through strangulation and brute force, to engage in nonconsensual sex.
7. Although specific intent is not an essential element of aggravated rape, evidence introduced to establish general intent or motive is admissible. State v.Hills, 259 La. 436, 250 So.2d 394 (1971). The Louisiana Supreme Court pointed out the difference between "intent" and "motive" in State v. Abercrombie, 375 So.2d 1170 (La. 1979):
"Motive is the cause or reason that moves the will and induces action for a definite result, while intent is the purpose to use a particular means to effect such result....In State v. Sutfield, 354 So.2d 1334, 1336-37 (La.1978), we recognized that evidence of other crimes may be admissible if the evidence is relevant to show motive, i.e., to show that the defendant had a reason to commit the crime he is charged with. Motive is generally recognized as an independent basis of relevancy."
The Court of Appeal in Crawford, supra, at 211, concluded: "we find the testimony of the victims concerning prior sexual offenses by the defendant, perpetrated under similar circumstances, is admissible and has independent relevance to establish motive and intent. The trial judge weighed the probative value of the testimony against the potential prejudicial effect. The trial judge was correct in admitting the evidence."
Thus, testimony of defendant's prior crimes are admissible because of their relevance in showing motive and intent.
In State v. Talbert, 416 So.2d 97, 100 (La.1982) the defendant argued that intent is not at issue since he admitted to having intercourse with the victim. However, the Supreme Court held that this position was incorrect. Rather, the issue is intent to perform the act without the victim's consent and evidence of prior incidences is admissible to prove that intent.
This position was adopted by the Fourth Circuit in State v. Moore, KA-8949 (4 Cir. 7/12/88), 534 So.2d 1275, on rehearing (11/29/88), Per Curiam, 89-KH-0171 (La.3/3/89), 539 So.2d 44, writ denied, 90-K-0218 (La.4/20/90), 560 So.2d 21, on rehearing. In particular the Fourth Circuit cited Talbert, supra, for the following: "This defendant (Moore) also placed his intent to have sex with the victim without her consent at issue when he claimed that she agreed to the sexual contact. Therefore, because intent was an issue in the case, the prior crimes evidence was properly admitted by the trial court under the express provisions of LSA-RS 15:445 (now repealed)." Moore, at 1279.
Likewise, in the case sub judice, evidence of the prior crime involving Ms. Jones is admissible to show that the intent or motive of Pollard was to have intercourse with M.N., without her consent. And just as Pollard created an excuse to get Ms. Jones into his house, so did he create an excuse to get M.N. into his house. Moreover, whether Pollard used a knife with respect to Ms. Jones and not as to M.N. is irrelevant as the Crawford case shows us. After all, if not a knife, then Pollard resorted to his brute strength to force both victims on the bed and to keep them pinned down until he had had his intercourse.
For the foregoing reasons, the argument in the majority opinion that evidence of *373 prior sexual criminal acts by Pollard should not have been admissible is without merit.

2. Is "Clear and Convincing" Standard still viable?
Another linchpin of the majority opinion is the Supreme Court decision in State v. Hatcher, 372 So.2d 1024 (La.1979). This decision sets forth guidelines for determining the admissibility of evidence of other crimes. The first guideline states: "There must be clear and convincing evidence that the defendant committed the other crimes.(citations omitted)." The majority opinion concludes that "...there was no clear and convincing evidence that Pollard committed the other alleged crimes (i.e., two forcible rapes)."[1]
However, the majority decision fails to advise the reader of a significant change in the law. The court in State v. Pardon, 97-248 (La.App. 5 Cir. 10/15/97), 703 So.2d 50, 57, writ denied, 97-2892 (La.3/20/98, 715 So.2d 1207), stated:
La.Code Evid. Art. 1104, added by Acts 1994, 3rd Ex.Sess. No. 51, § 2, changed the burden of proof. It provides: "The burden of proof in a pretrial hearing held in accordance with State v. Prieur, 277 So.2d 126 (La.1973), shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404." That burden of proof was enunciated in Huddleston v. U.S., 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), as follows:
"We conclude that [Rule 404(b)] evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act.* * * The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact...by a preponderance of the evidence.(citations omitted)"
The court in Pardon then concluded: "...we find the State carried its burden of proving the prior bad acts by a preponderance of the evidence." Pardon, supra, at p. 58. However, footnote # 1 in Pardon states: "Because La.Code Evid. Art. 1104 refers to the burden of proof at a hearing only, the impact of this article on the burden of proof at trial is unknown at this point." See Pugh, Force, Rault & Triche, "Handbook on Louisiana Evidence Law".
The Supreme Court in State v. McArthur, 97-2918 (La.10/20/98), 719 So.2d 1037, 1039, footnote 1 states: "This court has not yet addressed the extent to which Article 1104 and the burden of proof established in Huddleston, supra, has affected the burden of proof required for the admissibility of other crimes evidence."
Since the Supreme Court has left a void in this area, I would apply the same standard at trial as at a Prieur hearing. There has been no reasonable argument advanced why the burden of proof at a Prieur hearing should be any different from the burden of proof at trial. Moreover, I find that the State has met its burden of proof under both standards; that is, the evidence supports proof of the prior sex act irrespective of whether one applies the "preponderance of the evidence" or the "clear and convincing" standard.

3. May Appellate Judges raise certain issues ex proprio motu ?

The majority opinion, not the defendant, raises the following issue:
"the trial transcript is devoid of any evidence that the trial court instructed the jury as to the limited purpose of other crimes before allowing April Jones to testify. In addition, we find that the trial court transcript is also devoid of any evidence that, at the close of arguments, the trial court charged the jury *374 as to the limited purpose of other crimes evidence before the jury retired to deliberate in this matter. We find these omissions to be judicial error."
The implication, if not the conclusion, of this quote is that the case should be reversed due to this "judicial error." The majority opinion cites no law or other authority supporting the proposition that the failure to give a limiting charge on other crimes evidence is judicial error or that the failure to include such a limiting charge in the general charge constitutes a basis for reversal of the conviction.
In State v. Thornton, 91-1971 (La.App. 4 Cir.12/15/92), 611 So.2d 732, 737, the court of appeal observed: "By defendant's final assignment of error...the trial court erred in failing to give the jury a limiting instruction that defendant's past conviction was not to be taken into account in assessing guilt or innocence as to the offense for which he was being tried."
The Court of Appeal responded: "Defendant failed to object in any way to the trial court's failure to give such a limiting charge to the jury. Therefore, he (defendant) is precluded from assigning as error the trial court's failure to give a limiting charge. La.C.Cr.P. art. 801."
In State v. Carter, 97-1096 (La.App. 4 Cir. 5/20/98), 713 So.2d 796, 801, the Court of Appeal stated: "...the [trial] court must at the request of the defendant (emphasis added), offer a limiting instruction to the jury at the close of the trial as to the limited purpose for the other crimes evidence."
In the case sub judice, the record fails to reflect that Pollard either submitted a limiting jury charge or objected either before or after the jury charge to the failure to give such a limiting charge. Hence, Pollard cannot now be heard to complain about the jury charge.
Moreover, it is perplexing to me how the majority opinion can even make a good faith argument that the trial court never gave a limiting charge since the transcript provided to me did not contain a transcription of the jury charge but merely stated: "the jury was charged without objection."
Moreover, in State v. Tipton, 95-2483 (La.App. 1 Cir. 12/29/97), 705 So.2d 1142, 1147, the Court of Appeal stated: "Erroneous jury instructions or failures to give jury instructions are not errors patent (emphasis added) and, absent a contemporaneous objection, a defendant may not complain on appeal of an allegedly erroneous jury charge or the failure to give a jury instruction. See LSAC.C.P. arts. 801, 841 and 920(2)."
In State v. Bennett, CR91-257 (La.App. 3 Cir. 4/7/93), 617 So.2d 550, 553, the Court stated: "Defendant failed to object to the jury instruction on reasonable doubt. Therefore, he waived any objection to it and is precluded from raising the issue on appeal. State v. Young, 596 So.2d 403 (La.App. 4 Cir.), writ denied, 600 So.2d 660 (La.1992), and cases cited therein."
In State v. Styles, 96-897 (La.App. 5 Cir. 3/25/97), 692 So.2d 1222, 1227-8, writ denied 97-1069 (La.10/13/97), 703 So.2d 609, the Court of Appeal reiterated several relevant principles:
(1) "Pursuant to LSAC.Cr.P. art. 841, a defendant must make known the grounds for his objection and is limited on appeal to those grounds articulated at trial. (Emphasis added). State v. Jackson, 450 So.2d 621 (La. 1984); State v. Baker, 582 So.2d 1320 (La.App. 4 Cir.1991), writ denied, 590 So.2d 1197 (La.1992), cert. denied, 506 U.S. 818, 113 S.Ct. 62, 121 L.Ed.2d 30 (1992)." Fn 2;
(2) "The purpose behind the contemporaneous objection rule under LSA-C.Cr.P. art. 841(A) is to put the trial judge on notice of an alleged irregularity so that he may cure the problem and to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. State v. *375 Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writ denied, 94-0475 (La.4/4/94), 637 So.2d 450, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055. This rule relates to objectional evidence of other crimes. State v. Guidroz, 498 So.2d 108 (La. App. 5 Cir.1986)."
There is no authority cited in the majority opinion and none known by me that supports the majority opinion in criticizing the trial court's jury charge ex proprio motu for its failure to include a limiting charge on prior crimes. In fact, the only issue the majority opinion should have concerned itself with is the sole assignment of error stated by the defendant. Everything else is dicta and superfluous.

CONCLUSION
For the foregoing reasons I would affirm the conviction and sentence of the defendant Pollard.
NOTES
[1] LSA-R.S. 15:481's prohibition against the use of evidence of the defendant's bad character effectively excludes the use of evidence of other crimes except as proof of some independently relevant and material issue other than the defendant's general criminal propensity.
[1] The State only introduced one of the two prior crimes, hence, this statement is misleading.