_|_iMOORE, J.
Keary, Williams pled guilty to one count of possession of marijuana with intent to distribute, reserving his right to contest the ruling on a motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He now appeals, urging only that his guest passenger lacked authority to consent to the search of the car he was driving. We affirm.
On January 10, 2003, Former Louisiana State Trooper Scott Wright was patrolling 1-20 in Bienville Parish. He saw a Chevy-Cavalier with Texas tags cross the center-line twice; he stopped the car for improper lane usage. Williams was driving and Magee was in the front passenger seat, but the • car, was registered to a woman in Texas. Trooper Wright smelled fabric softener and raw marijuana emanating from the vehicle, and noticed the men were extremely nervous. Suspecting they might be-carrying, marijuana, he asked Williams for consent to search. Williams refused, but Magee consented. The trooper then searched the car, finding 48 pounds of marijuana in the trunk.
Williams filed a motion to suppress evidence, arguing chiefly that the passenger had no right to consent to a search of the *261 car after the driver had refused to consent. After a hearing in October 2003, the district court granted the motion to suppress. The state applied for supervisory review and, on November 25, 2003, this court granted the writ and denied the motion to suppress, finding that the trooper has probable cause to search based on the strong scent of marijuana coming from the car. We also concluded that both passenger and driver had equal common authority to consent to the search of a third party’s vehicle. The supreme court denied Williams’s writ application. State v. Williams, 38,379 (La.App. 2 Cir. 11/25/03), 858 So.2d 878, writ denied, 2003-3535 (La.3/12/04), 869 So.2d 807.
On remand, Williams pled guilty as charged, reserving his right to appeal the denial of the motion to suppress. In exchange, the state agreed not to charge him as a second felony offender, not to pursue traffic charges related to the stop, and to accept a sentence of eight years at hard labor concurrent with any time he might receive as a result of a probation or parole violation. The court accepted the guilty plea and sentenced Williams in accord with the plea agreement.
Williams now appeals, urging only that this court erred in finding the guest passenger could give lawful consent to search the vehicle after the driver and user previously refused consent. He urges that the district court’s original ruling, granting the motion to suppress, is entitled to great deference. State v. Robinson, 386 So.2d 1374 (La.1980); State v. Jackson, 26,138 (La.App. 2 Cir. 8/17/94), 641 So.2d 1081.
The state responds that upon smelling marijuana wafting from the car, Trooper Wright had probable cause to search the vehicle without a warrant. State v. Arnold, 34,194 (La.App. 2 Cir. 12/6/00), 779 So.2d 840; State v. Cohen, 549 So.2d 884 (La.App. 2 Cir.1989), writ denied, 559 So.2d 135 (La.1990). The state also submits that because neither driver nor passenger was the registered owner, both had equal access to the car and common authority to consent to the search.
IsThis court’s previous ruling, on the state’s writ application, fully articulated why this search was valid both in terms of probable cause and consent. The instant appeal addresses only the issue of consent. Because the search was justified by probable cause (the “plain smell” exception), lack of consent will not vitiate the search. Williams’s sole assignment of error, even if it had merit, would not warrant reversing the conviction.
In State v. Humphrey, 412 So.2d 507 (La.1981), the court stated:
When this court considers questions of admissibility of evidence in advance of trial by granting a pretrial application for supervisory writs (rather than deferring judgment until an appeal in the event of conviction), the determina-, tion of admissibility does not absolutely preclude a different decision on appeal, at which time the issues may have been more clearly framed by the evidence adduced at trial. Nevertheless, judicial efficiency demands that this court accord great deference to its pretrial decisions on admissibility, unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result. For the reasons stated, this is not the case here.
412 So.2d at 523. As in Humphrey, this court previously addressed the issue of consent to search. Williams pled guilty, presenting no new evidence or issues. There is nothing in the proceedings below to suggest that this court’s prior ruling *262 was in error. This assignment lacks merit.
This court is cognizant of the holdings of State v. Batiste, 482 So.2d 122 (La.App. 4 Cir.1986), and State v. Denis, 468 So.2d 12 (La.App. 4 Cir.1985), which are procedurally similar to the instant case. Those defendants filed motions to suppress which the trial courts initially granted; on the state’s writ application, however, the fourth circuit reversed. On remand, the defendants pled guilty as charged, reserving their rights to appeal the appellate court’s rulings. The fourth circuit declined to review its | ¿prior rulings, and vacated both guilty pleas as violations of Crosby in that the defendants received nothing by reserving their right to appeal an issue that was already resolved. The opinions in Batiste and Denis, however, do not indicate that the defendants received any other benefits in their plea bargains. Williams, by contrast, received (1) the promise not to pursue multiple offender charges, (2) the dismissal of improper lane usage charges, and (8) a sentence of only eight years at hard labor, to be concurrent with time he would serve for the probation or parole violation arising from this offense. On this record we cannot say that the Crosby reservation undermined Williams’s knowing and voluntary entry of a guilty plea.
For the reasons expressed, the conviction and sentence are affirmed.
AFFIRMED.