JOHNSON, J.,
dissents with reasons.
Li, respectfully, disagree with the majority opinion. Although the defense attorney objected to both the State’s notice . of intent to introduce proof of other crimes, wrongs or acts from the NOPD case and the trial court’s grant of the motion, he failed to object to the introduction of that evidence at trial. Generally, the defense cannot avail itself of an error which was not objected to at the time of occurrence. La. C.C.P. art. 841; State v. Arvie, 505 So.2d 44, 47 (La.1987). However, on very rare occasions, the contemporaneous objection rule has been refused to be applied as a bar to review an error which is so fundamental that it strikes at the very essence of the reliability of the fact-finding process. Arvie, 505 So.2d at 47. After review, I find that the unique *445 facts of this case require the consideration of an error that substantially casts doubt on the reliability of the fact-finding process and warrants making an exception to the contemporaneous objection rule. See generally, State v. Williamson, 389 So.2d 1828 (La.1980). In view of that exception, I will address the case on the merits of Defendant’s assignment of error.
Generally, evidence of other crimes, wrongs, or acts committed by the defendant is inadmissible due to the “substantial risk of grave prejudice to the defendant.” State v. Odenbaugh, 10-0268 (La.12/6/11); 82 So.3d 215, 250, cert, denied, — U.S. —, 133 S.Ct. 410,184 L.Ed.2d 51 (2012), citing State v. Prieur, 277 So.2d 126, 128 (La.1973). The other crimes evidence must tend to prove a material fact genuinely at 12issue, and the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. Id. However, when such evidence tends to prove a material issue and has independent relevance other than showing that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule. State v. Aleman, 01-743 (La.App. 5 Cir. 1/15/02); 809 So.2d 1056, 1065, writ denied, 02-481 (La.3/14/03); 839 So.2d 26. A defendant’s character is not properly at issue unless he chooses to put it at issue. State v. Pollard, 98-1376 (La.App. 4 Cir. 2/9/00); 760 So.2d 362, 366.
Erroneous admission of other crimes evidence is subject to a harmless error analysis. Odenbaugh, 82 So.3d at 251. An error is harmless if the jury’s verdict actually rendered at trial was “surely unattributable to the error.” Id.
In this matter, the State had Sergeant Sislo and Detective Dalferes provide live testimony for the jury. Their testimonies explained in-depth the surveillance of and execution of the search warrant on 2031 Dumaine Street in New Orleans. Detective Dalferes testified that a gun, 20 small bags of powder cocaine, 23 pieces of crack cocaine, 12 individual bags of heroin, 22 bags of marijuana, two bags containing a white powdered substance used to cut cocaine in order to increase its yield, a pill bottle with about 44 tablets of alprazolam, two scales, and an open box of sandwich . bags were seized as a result of the execution of the warrant. In addition to the testimonies of Sergeant Sislo and Detective Dalferes, the State introduced physical evidence from the New Orleans case: namely, the gun, a plastic bag containing 12 bags of brown powder, a bag containing 23 pieces of rocklike substance, 22 individually wrapped bags of vegetable material, two bags of white powder, a pill bottle containing 44 pills of alprazolam, a digital weight scale, a weight max scale, and sandwich bags. All of that evidence from the IsNOPD case was admitted into evidence by the trial court and published for the jury.
After review of the record, I find that the gross amount of evidence admitted from the New Orleans case substantially outweighed any probative value it may have had in regard to the Jefferson Parish case, and it unfairly prejudiced Defendant at trial. That evidence had no independent relevance to the Jefferson Parish case. Rather, it was used to emphasize that Defendant’s character is bad, and Defendant did not place his character at issue during the trial. Thus, I find the trial court erred in allowing the evidence from the New Orleans case to be admitted into evidence.
Additionally, I find that the admission of the evidence from the NOPD ease was not a harmless error made by the trial court. At trial, Detective Layrisson testified that Defendant was stopped pursuant to a traffic stop, while driving Ms. Williams’ car. *446 When presented with the consent form to search Ms. Williams’ apartment, Defendant declined to sign the form because he denied having any ownership to that residence. Lieutenant Meunier reiterated Defendant’s response that he could not give the consent to search the apartment because he had no connection with the apartment. Ms. Williams testified that Defendant did not live at her residence; Defendant did not have a key to her apartment and had no access to the apartment when she was not present; and the male clothing found in the apartment was not purchased by Defendant. When considering these facts and the entirety of the evidence presented to the jury, I cannot conclude that the jury verdict rendered was “surely unattributable” to the trial court’s error of admitting the significant and overwhelming amount of evidence from the New Orleans case.
Therefore, I find the trial court committed reversible error in allowing the evidence from the New Orleans case to be admitted at trial. For that reason, I Lwould vacate Defendant’s convictions and remand the matter to the trial court for a new trial.